## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | 09-cv-7805 |
| | ) | |
| THE BOEING COMPANY, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO REMAND

Plaintiff, Ronald Ledford, by and through his attorneys, Power Rogers & Smith, P.C., and for his Memorandum of Law In support of Motion to Remand, states as follows:

## I.     FEDERAL DIVERSITY JURISDICTION

### A.     Burden

The burden of establishing Federal Jurisdiction falls on the party attempting to remove a case from state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Ruber Co.,* 541 F.2d 660, 664 (7th Cir. 1976).  Accordingly, the district court is required to resolve all doubts about federal jurisdiction in favor of remand, and any uncertainties should be resolved in favor of remand.

### B.     Doubt as to Federal Jurisdiction

Removal statutes are to be strictly construed, and numerous federal courts have concluded that any doubts regarding removability should be resolved against accepting removal jurisdiction.

*Campbell v. Bayou Steel Corp.*, 338 F.Supp.2d 896, 902 (N.D. Ill. 2004). Where there is any doubt concerning the jurisdiction of the federal court on removal, any ambiguities are resolved against removal. *Carlos v. Adamany,* 1996 WL 21001, at * 2 (N.D. Ill., April 17, 1996). The federal district court must remand to the state court any case that was removed improvidently or without necessary jurisdiction. *Rothner v. City of Chicago,* 879 F.2d 1402, 1406 (7th Cir. 1989).

## C.   Binding Effect of This District's Rulings

Notwithstanding the potential disagreement of another Circuit, this court is bound by the precedent of the Seventh Circuit. *Mindy's Rest., Inc., v. Watters,* 2009 WL 1606982 at *4 (N.D. Ill. June 2, 2009), *citing Panetti v. Quarterman,* 551 U.S. 930, 961 (2007) (stating that "[t]he District Court, of course, was bound by Circuit precedent.").

## II.   LEGAL ARGUMENT

### A.   The Face of Boeing's Removal Notice Admits that This Court Does not Have Jurisdiction

Boeing admits in its Notice of Removal that this Court does not have jurisdiction over this matter because it is a resident of Illinois. Specifically, Boeing states:

> Under prevailing Seventh Circuit caselaw, a corporation's headquarters determines its "principal place of business" for purposes of 28 U.S.C. §1332(c)(a). *See Ill. Bell Tel. Co. v. Global NAPS Ill., Inc.,* 551 F.3d 587, 590 (7th Cir. 2008) ("A company's principal place of business is where its 'nerve center' is located, or, more concretely where its executive headquarters are located.") (internal citations omitted). Thus, under current Seventh Circuit law, the fact that Boeing's headquarters are located in Chicago would mean that Boeing is a citizen of Illinois for purposes of Section 1332(c)(1) and removal would not be available.

*(Def. Not. Of Removal* at pp. 5-6).

There is no doubt from the Defendant's own filing that this Court does not have jurisdiction

2

over this matter, as Defendant admits that it is a citizen of the State of Illinois. Where a Defendant

properly joined and served is a citizen of the State in which such action is brought, removal is not

proper pursuant to 28 U.S.C. §1441(b). Therefore, on its face, the Defendant's Notice of Removal

is improper, and this Court should promptly Remand this case to the Circuit Court of Cook County.

**B.      Defendant Boeing Company Has Consistently Asserted that it is an Illinois Citizen in Other Proceedings.**

In addition to the facial deficiency of the Defendant's Removal Petition, as of the date the

Complaint was filed and when Boeing removed this action, Defendant, The Boeing Company, was

and is a citizen of the state of Illinois. Boeing has made declarations to this effect repeatedly. For

example, Boeing has declared that its principal place of business is Chicago, Illinois in the following

instances:

- In a Complaint filed by The Boeing Company in this very Court on September 15, 2006, Boeing asserted that its principal place of business is in Chicago, Illinois. *(See Complaint in the matter of The Boeing Company, et al. v. Lori M. March, et al.,* 06 CV 4997 at ¶ 7) (Plaintiff's Motion to Remand attached as Exhibit A);

- In the context of their own removal effort on October 20, 2003 in the matter of *Bashir v. Boeing Company,* in California, an attorney/employee of Boeing signed a Declaration under penalty of perjury for removal purposes which stated that Boeing's "princip[al] place of business is Chicago, Illinois" (See Declaration of Linda Kayjanian at ¶ 2 attached as Exhibit B). In that same case, Boeing filed a Notice of Removal on October 20, 2003 which stated: "Defendant was and still is a corporation, incorporated under the laws of the State of Delaware with its principal place of business in the City of Chicago, State of Illinois . . . A corporation is deemed to be a citizen of both the state in which it was incorporated [Delaware] and the state where it has its principal place of business [Illinois]. See 28 U.S.C. Section 1332(c). Clearly, Plaintiff of California is diverse to Defendant's Delaware state of incorporation and Illinois state of principal place of business." (See Notice of Removal in Bashir at pp. 3-4 ¶ 3(a) attached as Exhibit C). In that same case, Boeing also filed a brief in the Ninth Circuit on November 17, 2005, making the same representation (See Boeing Brief in Bashir at p. 4 attached as Exhibit D);

- In this court in the matter of *Mayfield v. Boeing,* 1:07-cv-03555 (N.D. Ill.) in its

3

answer responding to Plaintiff's identification of Boeing as a Delaware Corporation with its principal offices in Chicago Illinois, they answered "admitted." (See Answer of Boeing in Mayfield at ¶ 5 attached as Exhibit E).

- ■ In an Agreement Containing Consent Order before the Federal Trade Commission, Boeing agreed that "Proposed Respondent Boeing is a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 100 N. Riverside, Chicago, IL 60606. (See FTC Order at ¶ 2 attached as Exhibit F, which can be found at http://www.ftc.gov/os/caselist/0510165/0510165 agreement.pdf).

Boeing now asks this Court to disagree with a position that it has repeatedly taken in this and other courts of law – Boeing's principal place of business is Chicago, Illinois. At a minimum, Boeing is judicially estopped from arguing its principal place of business is anywhere but Chicago, Illinois by virtue of the position it has consistently taken to its advantage in other proceedings – that Chicago, Illinois is its principal place of business. *Commonwealth Ins. v. Titan Tire Corp.,* 398 F.3d 879, 887 (7th Cir. 2004) "Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts" and prevailed under that position "from later reversing its position when it is to its advantage to do so." *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992). This Court should see right through the Defendant's thinly-veiled attempt to move away from its repeated position with respect to its principal place of business and remand this case to the Circuit Court of Cook County, Illinois.

## C. This Court Does Not Have Jurisdiction Over this Matter Because Defendant, Boeing is an Illinois Resident.

As the Defendant admits, the law is clear that 28 U.S.C. §1441(b) prevents the removal of an action to federal court if any "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The law that this Honorable Court is bound by in the Seventh Circuit makes equally clear that a corporation's headquarters determines its

4

"principal place of business" for purposes of 28 U.S.C. §1332(c)(1). *See Ill. Bell Tel. Co. v. Global NAPS Ill., Inc.,* 551 F.3d 587, 590 (7th Cir. 2008). Thus, as of the date the Complaint was filed and when Boeing removed this action, Defendant, The Boeing Company, was and is a citizen of the state of Illinois.

Boeing readily admits this but asks this Court to ignore the fact that it lacks subject matter jurisdiction and to stay this case pending a decision by the United States Supreme Court on the issue of the proper analysis on a corporation's principal place of business. *(Boeing's Notice of Removal at pp. 5-6).* But that forthcoming United States Supreme Court decision is irrelevant regardless of which way it comes out because not only is Boeing bound by its prior judicial admissions noted above, but this Court is bound by the precedent of the Seventh Circuit. Indeed, notwithstanding the potential disagreement of another Circuit, this court is bound by the precedent of the Seventh Circuit. *Mindy's Rest., Inc., v. Watters,* 2009 WL 1606982, at *4 (N.D. Ill. June 2, 2009), *citing Panetti v. Quarterman,* 551 U.S. 930, 127 S.ct. 2482, 2863, 168 L.Ed.2d 662 (2007). The precedent with respect to Boeing's principal place of business mandates that this matter should be remanded to the Circuit Court of Cook County, Illinois.[1]

Moreover, the fact that the U.S. Supreme Court has granted *certiorari* on an issue does not

<hr/>

[1] Additionally, on at least three occasions, the Northern District of Illinois has recently found that Boeing's principal place of business is Chicago, Illinois. *See Boeing Co. v. March,* 2009 WL 2949631 (N.D. Ill. Sept. 9, 2009) (Judge Coar); *Papapetrou v. Boeing Co.,* 2008 WL 548770 at * 1, n. 1 (N.D. Ill. Feb. 25, 2008) (Judge Marovich) (Defendants could not remove this case to federal court on the basis of diversity jurisdiction, however, because Boeing (which has its principal place of business in Illinois) is a forum defendant); and *Vivas v. Boeing Co.,* 486 F.Supp. 2d 726 (N.D. Ill. 2007) (Judge Lefkow) (Boeing is a citizen of this court's forum state, but filed its notices of removal . . . before it or any other defendant was served. Boeing's Opposition at 3. The question before the court now is whether Boeing can avoid the forum defendant limit on diversity jurisdiction through its strategic move of early removal).

change the fact that the court must follow the precedent of its Circuit with respect to a motion to remand. *See, e.g., Havens Protected "C" Clamps, Inc. v. Pilkington, PLC.,* 2000 WL 382027 *5, n.7 (D. Kan., March 28, 2000) (Defendants request that the court defer resolution of a pending motion to remand pending the outcome of the Supreme Court's ruling of whether the amount in controversy for purposes of removal is satisfied by the named plaintiff in a class action lawsuit denied where the Tenth Circuit's precedent was clear with respect to the issue).

Additionally, how the Supreme Court comes out in the *Hertz Corp. v. Friend,* No. 08-1107 (S. Ct. argued Nov. 10, 2009) would really have no effect on Defendant, Boeing, because Boeing has taken the position in both the Seventh Circuit and the Ninth Circuit that its' principal place of business is Chicago, Illinois. Boeing now suggests otherwise, contending that this Court should wait for the U.S. Supreme Court decision, in *Hertz Corp. v. Friend,* No. 08-1107 (Sup. Ct. argued Nov. 10, 2009), to resolve a dispute as to whether the "nerve center test" followed by the Seventh Circuit or the "business operations test" followed by the Ninth Circuit should be used to determine an entity's principal place of business. *(Boeing's Notice of Removal* at pp. 5-6).

However, this Court does not need to wait for the U.S. Supreme Court decision to resolve the issue because Boeing has admitted in the both the Ninth Circuit and the Seventh Circuit that Chicago, Illinois, is its principal place of business; those judicial admissions bind it and judicial estoppel prevents it from changing that position here. Moreover, in its brief, Boeing concedes that under the "nerve center test" its principal place of business is Chicago, Illinois. *(Boeing's Notice of Removal* at p. 3). In *Bashir v. Boeing Company,* which was filed at least two years after *Tosco Corp. v. Cmtys. For a Better Env't,* 236 F.3d 495 (9th Cir. 2001), Boeing (through its attorney/employee) filed:

6

(1)     a declaration which swore under penalties of perjury, that its principal place of
        business is Chicago, Illinois (See Ex. B at ¶2);

(2)     a Notice of Removal on October 20, 2003 which stated: "Defendant was and still is
        a corporation, incorporated under the laws of the State of Delaware with its principal
        place of business in the City of Chicago, State of Illinois . . . A corporation is deemed
        to be a citizen of both the state in which it was incorporated [Delaware] and the state
        where it has its principal place of business [Illinois]. See 28 U.S.C. Section 1332(c).
        Clearly, Plaintiff of California is diverse to Defendant's Delaware state of
        incorporation and Illinois state of principal place of business. (See Ex. C at pp. 3-4,
        ¶ 3 (a)); and

(3)     a brief which re-affirmed that assertion. (See Ex. D at p. 4).

        Thus, Boeing's position in both Circuits under both tests (even after the Ninth Circuit held
that the "business operations test" is the appropriate test) that its principal place of business is
Chicago, Illinois.

        Boeing cannot now credibly claim that its' principal place of business may be Washington
under the Ninth Circuit's analysis after a Boeing attorney/employee signed a Declaration supporting
removal under penalties of perjury stating that Boeing's principal place of business is Chicago,
Illinois in that very district after the case they are relying on was decided. Defendants removal of
these cases is a ruse, and this Honorable Court should see right through it and remand this case to
the Circuit Court of Cook County.

        **D.     The Court Must have Jurisdiction Over the Case in Order to Enter an Order
                Staying the Proceedings.**

                                                        7

While it is within the power of a district court to grant a stay of proceedings whose subject matter jurisdiction is in question, a court should be "reluctant" to grant such a stay "without making any effort to verify jurisdiction." *Riddle v. Merck & Co.,* 2006 WL 1064070, at *2 (S.D. Ill., April 21, 2006 * 2), *citing Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001). When faced with a request for a stay while a challenge to jurisdiction is pending, "a court's first step should be to make a preliminary assessment of the jurisdictional issue." *Id.* If this "first step" suggests that removal was improper, then the court "should promptly complete its consideration and remand the case to state court." *Id.* A federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.

Indeed, the great weight of authority holds that a Court should rule on a Motion to Remand before considering, let alone granting, a Motion to Stay. *See Alegre v. Aguayo,* 2007 WL 141891 (N.D. Ill., Jan. 17, 2007); *Kohl v. Am. Home Prods. Corp., et al.,* 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (concluding transferor court's consideration of the pending motion to remand advanced judicial economy); *TransAmerica Fin. Life Ins. Co. v. Merrill Lynch & Co., Inc.,* 302 B.R. 620, 624 (N.D. Iowa 2003) (holding jurisdictional issues should be decided prior to ruling on a motion to stay); *Beek v. Ninkov,* 265 F.Supp. 2d 1037, 1046 (N.D. Iowa 2003) (granting motion to remand prior to ruling on motion to stay and/or transfer); *Crosby v. Aid Ass'n for Lutherans,* 199 F.R.D. 636, 640 (D. Minn. 2001) (determining jurisdictional issue before ruling on request to stay or transfer to jurisdiction where similar claims against defendant were pending).

In the instant case, there is no question that this Court lacks subject matter jurisdiction based on: (a) Boeing's admission in its Notice of Removal; (b) Boeing's repeated declarations that its'

principal place of business is Illinois; and (c) sound precedent of the Seventh Circuit which mandates that Boeing is a citizen of Illinois, thereby rendering this case non-removable under 28 U.S.C. § 1441(b). The Defendant has utterly failed to meet its burden in establishing that this case has been properly removed. Therefore, this Court lacks jurisdiction over this case and should remand it to the Circuit Court of Cook County.

## III.    CONCLUSION

Wherefore, for all of the reasons stated in the Plaintiff's Motion to Remand and in this Memorandum of Law In Support of Motion to Remand, Plaintiff respectfully requests that this Honorable Court enter an Order Remanding this case to the Circuit Court of Cook County and for whatever other relief this Honorable Court deems appropriate.

Dated December 21, 2009

Respectfully submitted,

s/ Todd A. Smith
One of the Attorneys for the Plaintiff

Todd A. Smith
Brian LaCien
POWER ROGERS & SMITH, P.C.
70 W. Madison Street, 55th Floor
Chicago, IL 60602
(312)236-9381 (Telephone)
(312)236-0920 (Facsimile)
tsmith@prslaw.com
blacien@prslaw.com

Orla Brady
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017
212-687-8181